IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN M. CARDENAS,

Plaintiff, No. CIV S-06-2335 DAD PS

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

ORDER

Defendant.

_______________________________/

This social security action was submitted to the court without oral argument for ruling on the pro se plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

In 2000, plaintiff was employed as a loader/forklift driver for a produce company. (Transcript (Tr.) at 90.) On April 15, 2000, he injured his back while loading and unloading 50- to 60-pound iced boxes onto pallets. (Tr. at 50, 90.) Plaintiff received worker's compensation benefits for three years and then received state disability insurance benefits. (Tr. at 162-63.) On December 20, 2004, plaintiff applied for Social Security Disability Insurance Benefits and

Supplemental Security Income (SSI) under Titles II and XVI, respectively, of the Social Security Act (the Act). (Tr. at 13, 20, 38-44.) Plaintiff's applications were denied by the Commissioner initially on May 16, 2005 and upon reconsideration on August 31, 2005. (Tr. at 19-22, 24-29.)

Plaintiff submitted a timely request for a hearing before an administrative law judge (ALJ). (Tr. at 30.) On May 22, 2006, a hearing was held, at which plaintiff appeared and testified without the assistance of an attorney or other representative. (Tr. at 13, 151-69.) In a decision issued on May 26, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision. (Tr. at 10-18.) The ALJ entered the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act through September 30, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following medically determinable impairment [sic]: degenerative disc disease and osteoarthritis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 and 416.921).
>
> 5. The claimant has not been under a "disability," as defined in the Social Security Act, from April 15, 2000 through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

(Tr. at 15 & 18.)

On August 25, 2006, the Appeals Council denied plaintiff's timely request for administrative review of the ALJ's decision. (Tr. at 4-6, 8-9.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 24, 2006.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper

legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

/////

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff seeks an order reversing the Commissioner's decision and granting benefits. Plaintiff contends that he is entitled to summary judgment because the evidence attached to his motion proves that he suffered permanent injury on April 15, 2000. Plaintiff points to a state worker's compensation award of benefits, a state Permanent and Stationary Report, two MRI reports, a chiropractor's report stating that plaintiff has a permanent disability and a chronic condition, and a letter and x-ray report from the chiropractor who is plaintiff's primary care provider at the present time. Plaintiff asserts that he continues to receive treatment for his conditions, that he has a California DMV Disabled Person placard, and that he has had the assistance of a housekeeper and child care provider since 2000. Plaintiff cites the documents attached to his motion as evidence of the facts asserted in his statement of undisputed facts.[1]

---

[1] Some of the documents attached to plaintiff's motion are part of the administrative record. Plaintiff's first exhibit, an eight-page document made up of a worker's compensation "Stipulations with Request for Award" and "Primary Treating Physician's Permanent and Stationary Report," is in the record (tr. at 47-54), as is the two-page letter dated February 8, 2006, and x-ray report by Dr. Huber (tr. at 148-50). The remaining documents are not in the record.

Plaintiff has not filed a memorandum of points and authorities or any document that contains legal analysis or citations to legal authorities. Defendant has discerned in plaintiff's motion two arguments: (1) it is the opinion of plaintiff's treating chiropractor that plaintiff is unable to work and (2) plaintiff's back injury leaves him in daily pain. Plaintiff did not file opposition to defendant's cross-motion or otherwise object to defendant's characterization of his arguments. In light of the ALJ's determination at step two of the sequential evaluation process that plaintiff does not have a severe impairment or combination of impairments, the court views plaintiff's arguments as a challenge to that determination.

As noted in the legal standards set forth in the preceding section of this order, the ALJ's task at step two is to determine whether the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). A medically determinable impairment or combination of impairments must be considered severe at step two if the impairment or combination of impairments significantly limits the individual's physical or mental ability to do basic work activities. See 20 C.F.R.§§ 404.1520(c), 404.1521(a), 416.920(c) & 416.921(a).

The Supreme Court has determined that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. On the other hand, the severity regulation must not be used to prematurely disqualify a claimant without determining whether the claimant's impairments prevent him from engaging in either his prior work or other substantial gainful employment that, in light of his age, education, and experience, might be available to him. Id. at 158 (O'Connor, J., concurring).

"An impairment or combination of impairments may be found 'not severe *only* if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting

Smolen, 80 F.3d at 1290, and adding emphasis). "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.

> In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

SSR 85-28, 1985 WL 56856, at *4. "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290). See Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb. 11, 2008) (describing claimant's burden at step two as "low"). See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001).

Here, the ALJ determined that plaintiff suffers from two medically determinable impairments: degenerative disc disease and osteoarthritis. (Tr. at 15.) After reviewing the objective medical evidence, the opinion evidence, and the symptoms alleged by plaintiff, including pain and difficulty lifting, bending, stooping, twisting, or using the lower back for repetitive movement, the ALJ found that plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms." (Tr. at 16.) The findings that plaintiff has two medically determinable impairments and that those impairments could reasonably be expected to produce the symptoms alleged by plaintiff are favorable to plaintiff and fall far short of demonstrating that plaintiff's claims are groundless or that his impairments are slight. (Tr. at 15-16.)

Although the ALJ properly rejected medical opinion evidence going to the ultimate issue of disability, he failed to consider the treating professionals' objective assessments of plaintiff's impairments. (Tr. at 17.) The limited medical evidence cited by the ALJ does not establish that plaintiff's impairments are slight abnormalities having no more than a minimal effect on his ability to work. Indeed, the ALJ's discussion of the medical evidence and of

plaintiff's credibility demonstrates that the severity of plaintiff's impairments is ambiguous and cannot be clearly established by medical evidence at step two. In the absence of substantial evidence that plaintiff's impairments are groundless, adjudication should have continued through the sequential evaluation process. Remand is required so that the ALJ can proceed beyond step two of the sequential evaluation process with respect to plaintiff's impairments. See Webb, 433 F.3d at 688 (remanding for further proceedings where "[t]he ALJ should have continued the sequential analysis beyond step two because there was not substantial evidence to show that Webb's claim was 'groundless'").

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The duty to develop the record is triggered "'when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (quoting Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)). This appears to be such a case. Moreover, the ALJ's duty in this regard is heightened when the claimant is not represented by counsel. Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978).

**CONCLUSION**

In light of the remand required by the ALJ's error at step two, the court will not address plaintiff's argument concerning the constant pain from which he allegedly suffers or the ALJ's findings concerning plaintiff's credibility. See Sanchez v. Apfel, 85 F. Supp. 2d 986, 993 n.10 (C.D. Cal. 2000) (having concluded that remand was appropriate because the ALJ erred at step two, the court found it unnecessary to consider the issue of plaintiff's credibility). On remand, the ALJ will necessarily be required to determine plaintiff's residual functional capacity in light of all his impairments and the entire record, and decide whether plaintiff can perform his past relevant work or any work in the national economy.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted in part;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner is reversed, and this matter is remanded for rehearing consistent with the analysis set forth herein. See 42 U.S.C. § 405(g), Sentence Four.

DATED: March 13, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/cardenas2335.ord